UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ASUA BUIE,

           Plaintiff,

v.                                    Case No. 14-cv-1375-pp

WISCONSIN DEPARTMENT OF CORRECTIONS,
MILWAUKEE SECURE DETENTION FACILITY,
FLOYD MITCHELL, IONE GUILLONTA,
and BRUCE BUEGE,

           Defendants.

## DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (ECF NO. 2), DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT (ECF NO. 9), AND DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT (ECF NO. 10)

The plaintiff, who is incarcerated at Dodge Correctional Institution, has filed a *pro se* complaint under 42 U.S.C. § 1983, and a petition to proceed *in forma pauperis*. He has paid an initial partial filing fee of $16.93. *See* 28 U.S.C. § 1915(b)(1). The Court will grant the plaintiff's petition to proceed *in forma pauperis*.

The law requires the court to screen complaints brought by prisoners who are seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). It requires the court to dismiss a complaint, or part of the complaint, if a prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may

1

be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts, and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads

2

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the Court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was caused by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

According to the complaint in this case, the plaintiff was incarcerated at Milwaukee Secure Detention Facility (MSDF) during the events discussed in the complaint. He is suing the Wisconsin Department of Corrections (DOC),

3

MSDF, Warden Floyd Mitchell, Deputy Warden Ione Guillonta, and Kitchen Administrator Bruce Buege. The plaintiff alleges that the kosher meals the defendants provided him while he was incarcerated at MSDF were not appropriate--not truly kosher--in violation of his First Amendment right to freely exercise his religion. He seeks monetary damages and injunctive relief.

At this stage, then, the complaint allegations state a claim under the First Amendment of the Constitution. *See Maddox v. Love*, 655 F.3d 709, 719-20 (7th Cir. 2011); *Mays v. Springborn*, 575 F.3d 643, 647 (7th Cir. 2009). Accordingly, the complaint meets the first prong of the §1983 test—it alleges that the plaintiff was deprived of a Constitutional right.

As discussed above, however, the complaint names five defendants—the MSDF, the DOC, and three individual defendants. The Supreme Court has held that "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity . . . ." *Will v. Michigan Dept. of State* Police, 491 U.S. 58, 66 (1989). The MSDF and the DOC are state entities, not a "person or persons acting under color of state law," and therefore under the Supreme Court's holding in *Will*, the plaintiff may not seek §1983 relief against them. Accordingly, the court dismisses the MSDF and the DOC as defendants. The complaint may proceed as to the three individual defendants.

## Motions to Amend the Complaint

4

On January 15, 2015 and February 9, 2015, the plaintiff filed two motions to amend the complaint. The plaintiff, however, did not sign these motions himself. Instead, they bear a handwritten notation, "Asua Buie by" another individual, "P.O.A." Fed. R. Civ. P. 11(a) requires that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – *or by a party personally if the party is unrepresented*." Because the plaintiff is unrepresented, the plaintiff himself must sign any pleadings he files; he cannot have a power of attorney do so for him. Because these two motions did not comply with Rule 11(a), the court denies them.[1]

**WHEREFORE**, the Court hereby **ORDERS** that the plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

The Court further **ORDERS** that defendants Wisconsin Department of Corrections and Milwaukee Secure Program Facility are **DISMISSED**.

The Court further **ORDERS** that the plaintiff's motions to amend the complaint (ECF Nos. 9, 10) are **DENIED**.

The Court further **ORDERS** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, the

---

[1] If the plaintiff wants to amend his complaint, he must comply with the Local Rules which provide in relevant part:

(a) Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference.
(b) A motion to amend a pleading must state specifically what changes are sought by the proposed amendments. The proposed amended pleading must be filed as an attachment to the motion to amend.

Civil L.R. 15(a), (b) (E.D. Wis.).

5

Clerk's Office electronically send copies of plaintiff's complaint and this order to the Wisconsin Department of Justice for service on the state defendants.

The Court further **ORDERS** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

The Court further **ORDERS** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $383.07 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The Secretary shall clearly identify these payments by the case name and number assigned to this action.

The Court will mail a copy of this order to the warden of the institution where the inmate is confined.

The Court further **ORDERS** that the plaintiff must submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

**The plaintiff shall not send any correspondence, pleadings or legal materials directly to the judge's chambers.** It will only delay the processing of the case. Because the clerk's office will electronically scan and enter on the docket each filing upon receipt, the plaintiff need not mail copies to the defendants. All defendants will be served electronically through the court's electronic case filing system. The plaintiff should, however, retain a personal copy of each document filed with the court.

The plaintiff should be aware that failure to make a timely submission or filing may result in the court dismissing his case for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee this 13th day of February, 2015.

                                  **BY THE COURT:**

                                  _____
                                  HON. PAMELA PEPPER
                                  United States District Court Judge