UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ASUA BUIE,

                Plaintiff,

v.                                           **Case No. 14-cv-1375-pp**

FLOYD MITCHELL, IONE GUILLONTA,
BRUCE BUEGE, HEATHER PAULSON,
CHARLES FACKTOR, CINDY O'DONNELL,
ANA BOATWRIGHT, CHRIS LOBERG,
KELLY QUARLES, AND KELLI R. WILLARD WEST,

                Defendants.

---

**DECISION AND ORDER GRANTING (WITH MODIFICATIONS) PLAINTIFF'S MOTION FOR SUBPOENA OF NON-PARTY DOCUMENTS (DKT. NO. 74), DIRECTING THE DEFENDANTS TO ADVISE THE COURT WITHIN TEN DAYS OF THE DATE OF THIS ORDER WHETHER THEY WILL BE PRODUCING THE DOCUMENTS, GRANTING PLAINTIFF'S MOTION FOR RELIEF FROM THE 25-INTERROGATORY LIMIT (DKT. NO. 78), DIRECTING THE DEFENDANTS TO RESPOND TO THE PLAINTIFF'S INTERROGATORIES WITHIN 30 DAYS OF THE DATE OF THIS ORDER, DENYING PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF "PRIVILEGE LOG" (DKT. NO. 84), DENYING PLAINTIFF'S MOTION TO COMPEL FULL DISCLOSURE (DKT. NO. 86), DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (DKT. NO 92), GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF DEADLINE TIME (DKT. NO. 97), AND SETTING THE DISPOSITIVE MOTION FILING DEADLINE AT MARCH 17, 2017**

---

The plaintiff, Asua Buie, is a prisoner representing himself. On October 2, 2015, the court screened the amended complaint and determined that the plaintiff could proceed on a First Amendment free-exercise-of-religion claim, based on allegations that prison officials at the Milwaukee Secure Detention

1

Facility denied him a kosher diet. Dkt. No. 27 at 8. On May 24, 2016, the court granted in part and denied in part the plaintiff's motion to amend the complaint. Dkt. No. 46. The court granted the motion to the extent the plaintiff sought to add punitive damages to his request for relief. Id. at 5. The plaintiff since has filed several motions, which the court addresses in this order.

1. *Plaintiff's Motion for Subpoena of Documents*

The plaintiff has filed a motion asking for permission to subpoena documents pursuant to Federal Rule of Civil Procedure 45. Dkt. No. 74. He wants to obtain the employment records of the following non-party limited-term-employee food service personnel who worked at the Milwaukee Secure Detention Facility during the time relevant to the complaint: Monica Nash, William Pearson, David Kimalya, and Daphney Keita. Dkt. No. 74-2 at 1-3. These individuals were new personnel, arguably have knowledge of events related to kosher meals, and allegedly lacked understanding of the distribution of kosher meals. Dkt. No. 75 at 3-5, 7. The plaintiff asserts that an "inquiry into the question of do the performance evaluations reflect this lack of understanding is relevant because it answers the question of liability and reckless disregard [sic]." Id. at 5. According to the plaintiff, defendants Bruce Buege and Chris Loberg were responsible for supervising and training these non-party individuals. Id. at 1-2. Defendant Buege allegedly informed defendant Paulson that there were "new food service personnel that did not understand the aspect of the Kosher meal preparation." Id. at 2.

2

The defendants oppose the motion, arguing that the plaintiff has not shown that the documents are relevant. Dkt. No. 77 at 1. According to the defendants, to the extent that the plaintiff suggests that defendants Buege and Loberg failed at supervising their subordinates (which in turned caused the alleged constitutional violation), the plaintiff cannot establish the defendants' liability because there is no *respondeat superior* liability (supervisor liability) under §1983. Id. at 1. The defendants also contend that they cannot be held personally liable for failure to train, because a plaintiff can bring a failure-to-train claim only against a municipality. Id. at 1-2.

In reply, the plaintiff contends that the documents are relevant because they will show what defendants Buege and Loberg knew about their employees' performance. Dkt. No. 81-1 at 3. The plaintiff points out that a party may be liable if he knows of a constitutional violations, yet fails to act. Id.

The plaintiff has shown that the employment records may be relevant to his claims, because they may demonstrate that Buege and Loberg knew that food service workers were not complying with kosher food procedures. See Fed. R. Civ. P. 26(b)(1); Childress v. Walker, 787 F.3d 433, 439-40 (7th Cir. 2015). The court finds that the plaintiff should be able to access these records.

The court notes that the plaintiff did not file a motion to compel discovery *from the defendants*, see Fed. R. Civ. P. 37. Rather, he filed a motion to subpoena the documents *from non-parties*, see Fed. R. Civ. P. 45. The defendants responded to the motion as if the plaintiff had filed a motion to compel them to produce discovery, arguing that the documents are not

3

relevant. While the court finds that the documents *are* relevant, the court cannot tell whether the defendants possess the employment files and can turn them over to the plaintiff, or whether the plaintiff will need to seek these documents by issuing a subpoena to the non-parties. These are personnel files of people the defendants supervised, so it seems to the court that the defendants would have access to the documents. The court will require that within ten days of the date of this order, the defendants shall file a written notice advising the court whether they have access to the documents. If the defendants do have access to the documents, the court orders that the defendants shall produce them to the plaintiff. If they do not have access to the documents, the court will grant the plaintiff's motion for a subpoena directed to the non-parties.

*2.    Plaintiff's Motion for Relief from Interrogatory Limit*

The plaintiff has filed a motion asking the court to allow him to file more than the twenty-five interrogatories allowed by the rules. Dkt. No. 78. He says that he thought that he could submit twenty-five interrogatories per defendant, not twenty-five interrogatories in total, and that this is a complex case with ten defendants. Id. The plaintiff submitted proposed interrogatories for the court to review, and he asks the court allow the additional interrogatories. Dkt. No. 79-1. He proposes submitting 133 interrogatories, divided among the ten defendants as follows: (1) Heather Paulson, twelve interrogatories; (2) Bruce Buege, nineteen interrogatories; (3) Chris Loberg, eighteen interrogatories; (4) Floyd Mitchell, twelve interrogatories; (5) Iona Guillonta, fourteen

4

interrogatories; (6) Kelly Quarles, fourteen interrogatories; (7) Kelli Willard-West, nine interrogatories; (8) Charles Facktor, ten interrogatories; (9) Ana Boatwright, ten interrogatories, and (10) Cindy O'Donnell, fifteen interrogatories. Id. at 4-24.

The defendants oppose the plaintiff's request to file 133 interrogatories. They argue that the plaintiff has not made a "particularized showing" to justify exceeding twenty-five interrogatories. Dkt. No. 81 at 1. Nonetheless, the defendants offer to respond to fifty interrogatories, indicating that they can sympathize with the difficulty a *pro se* litigant may have in choosing twenty-five interrogatories to be shared among ten defendants. Dkt. No. 83 at 2.

In reply, the plaintiff reiterates that he needs all 133 interrogatories. Dkt. No. 89. He states that fifty interrogatories would not provide him with the breadth needed to question the defendants in a way that reflects the longevity (six months) of the alleged deprivation. Dkt. No. 89 at 4.

The Federal Rules of Civil Procedure provide in relevant part:

(1) *Number.* Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2).

Fed. R. Civ. P. 33(a)(1). The Rules set forth the following guidelines with regard to the scope of discovery:

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's clam or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether

5

the burden or expense of the proposed discovery outweighs its
likely benefit. Information within this scope of discovery need not
be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). A party seeking leave to serve more than 25 interrogatories must make a "particularized showing" of why the discovery is necessary. See Archer Daniels Midland Co. v. Aon Risk Servs. Inc. of Minn., 187 F.R.D. 578, 586 (D. Minn. 1999) (citations omitted).

The plaintiff has made that showing. The plaintiff asserts that he needs the additional interrogatories to establish the defendants' individual liability. The plaintiff also has submitted the interrogatories, and the court finds that they are relevant to his claims. In addition, given that the plaintiff is incarcerated and does not have an attorney, he faces limitations in conducting discovery. The court finds that he has made a particularized showing warranting the additional requested interrogatories.[1] The court will grant the plaintiff's motion. The defendants shall respond to the interrogatories within thirty days of the date of this order.

3.  *Plaintiff's Motions to Compel Discovery*

The plaintiff has filed a motion asking the court to order production of a "privilege log," dkt. no. 84, and a motion to compel the defendants to fully disclose requested documents through discovery, dkt. no. 86. In the first motion, the plaintiff seeks production of a privilege log that verifies the claim of

---

[1] To the extent that a number of the plaintiff's interrogatories inquire about the names of persons "having knowledge of discoverable information or about the existence, locations, or custodian of documents or physical evidence," such interrogatories do not count toward the interrogatory limit. See Civil L.R. 33(a)(2)(B) (E.D. Wis.).

6

"attorney client privilege" regarding the requested non-party documents of Christine Berndt[2] Miles and Chaplain Ronald Beyah. Dkt. No. 84 at 1. That is, the plaintiff seeks clarification as to why an attorney/client privilege would extend to non-party individuals on whose behalf the defendants provided discovery. Id. at 3-5. In the second motion, the plaintiff asserts that he filed a production of documents request for Christine Berndt Miles and Ronald Beyah's e-mails with all of the defendants. Dkt. No. 86 at 1. According to the plaintiff, the defendants did not object to the request, but they also did not "fully disclose," as required. Id. at 2. He seeks full disclosure, without redactions, of the requested documents. Id.

The defendants filed a joint response to the motions. Dkt. No. 88. They first contend that the court should deny the motions because the plaintiff failed to confer, or attempt to confer, with them prior to filing his motions. Id. at 1. Nonetheless, the defendants provided the requested privilege log. Id. With regard to the redacted email, the defendants state that because the e-mail related to an inmate complaint filed by a different inmate, it was redacted to protect the identity of the inmate. Id. at 2. The defendants also state that the particular redacted portion was not relevant to the plaintiff's case, because it related to a lawsuit about Halal meals, not kosher meals. Id. They state, however, that "upon further review, defendants are able to produce additional content in the email while still maintaining the inmate's confidentiality by

---

[2] The plaintiff refers to Ms. Miles as "Berndit Miles" in this motion. However, in his motion to amend, he refers to her as "Berndt Miles." It appears that the correct spelling is "Berndt Miles." See Dkt. No. 93-1 at 1.

7

redacting only personally identifying information. The newly redacted email will be mailed to Buie today." Id.

The plaintiff did not certify that he conferred, or attempted to confer, with the defendants prior to filing his motions to compel. Therefore, his motions are premature. See Fed. R. Civ. P. 37(a)(1). Additionally, the defendants have provided the requested materials. Therefore, the court will deny the plaintiff's motions to compel.

*4. Plaintiff's Motion to Amend the Complaint*

The plaintiff has filed a motion for leave to amend the complaint, along with a proposed amended complaint. Dkt. No. 92, 92-3. He seeks to amend the complaint to add Christine Berndt Miles and Jane Doe as defendants, and to amend his punitive and compensatory damages requests. Dkt. No. 92-2. According to the plaintiff, Christine Berndt Miles, as Dietetic Services Director for the Wisconsin Department of Corrections, was aware that he filed an initial inmate complaint related to issues with the implementation of the kosher meal policy, and that she "played an active role" in recommending dismissal of the inmate complaint. Dkt. No. 93 at 1, 3-4. In addition, the plaintiff states that an unknown food service worker contributed to the alleged violations. Id. at 4-5. The defendants oppose the motion, arguing that the court already has allowed the plaintiff to amend his complaint twice before, and that he makes this request two years after filing his original complaint. Dkt. No. 95. The defendants also argue that even if the court allows the plaintiff to amend the

complaint, it should not allow him to add the Jane Doe defendant, because he hasn't sought to identify her in discovery. Id.

Leave to amend a pleading should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision on whether to allow the amendment is within the discretion of the district court. Foman v. Davis, 371 U.S. 178, 182 (1962). Reasons for denying a motion to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." Id. at 182. Delay on its own "is usually not reason enough for a court to deny a motion to amend." Soltys v. Costello, 520 F.3d 737, 743 (7th Cir. 2008) (citing Dubicz v. Commonwealth Edison Co., 377 F.3d 787, 792-93 (7th Cir. 2007)). But "the longer the delay, the greater the presumption against granting leave to amend." Id. (quoting King v. Cooke, 26 F.3d 720, 723 (7th Cir. 1994) (internal quotations omitted)).

The plaintiff has attached a proposed amended complaint to his motion to amend. Dkt. No. 92-3. The court cannot discern a plausible claim against the proposed new defendants. The plaintiff mentions Christine Berndt Miles and Jane Doe on pages 26 and 28 of the fifty-three-page pleading. Id. at 26, 28. He does not allege any specific conduct that they engaged in. Even if the plaintiff had alleged specific conduct on the part of these individuals (in another filing, it appears that the plaintiff may be alleging that Jane Doe peeled a hard-boiled egg to be "nice," unknowingly violating kosher rules, dkt. no. 93-

9

1 at 3), the court would deny the plaintiff's motion due to delay and prejudice to the defendants. The plaintiff filed this case on October 2014, and the court already has extended the time for the completion of discovery and for filing dispositive motions. The court will not continue to grant extensions of time so that the plaintiff may amend the complaint again. The court will deny the plaintiff's motion to amend.

5.  *Plaintiff's Motion for Extension of Deadline Time*

The plaintiff has filed a motion to extend the deadline for the completion of discovery, because he's still waiting on the court to decide his motions to compel and his motion for leave to file an amended complaint. Dkt. No. 97. The court will grant the plaintiff's motion to extent needed to allow the defendants to respond to the plaintiff's discovery requests, as described in this order, but it will not allow any additional discovery. The court will also set a new dispositive motion filing deadline.

6.  *Conclusion*

The court **GRANTS** the plaintiff's motion for subpoena of non-party documents, to the extent that it will order the defendants to provide those documents if they have them. Dkt. No. 74. The defendants shall advise the court within ten days of the date of this order whether have the documents, and if so, when they will produce them. If the defendants indicate that they do not have the documents, the court will consider authorizing the plaintiff to obtain a subpoena, in order to get the documents from the third parties.

The court **GRANTS** the plaintiff's motion for relief from the interrogatory limit. Dkt. No. 78. The defendants shall respond to the plaintiff's interrogatories within thirty days of the date of this order.

The court **DENIES** that plaintiff's motion to compel production of "privilege log." Dkt. No. 84.

The court **DENIES** that plaintiff's motion to compel full disclosure. Dkt. No. 86.

The court **DENIES** that plaintiff's motion for leave to file amended complaint. Dkt. No. 92.

The court **GRANTS** the plaintiff's motion for extension of deadline time. Dkt. No. 97. The court will allow the defendants to answer the interrogatories, but will allow no other additional discovery. The court amends the scheduling order to set a new dispositive motion filing deadline at **March 17, 2017**.

Dated in Milwaukee, Wisconsin this 19th day of December, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge

11

Case 2:14-cv-01375-PP   Filed 12/19/16   Page 11 of 11   Document 99